No. 26,477.

EMMA PRESTON, *Appellee*, v. THE KANSAS CENTRAL INDEMNITY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. LIFE INSURANCE—*Payment of Premium—Waiver—Evidence*. The evidence of the plaintiff tended to prove all the facts there were necessary to be established by her to entitle her to recovery; therefore, it was not error to overrule the defendant's demurrer to her evidence.

2. TRIAL—*Verdict and Finding*. The findings of the jury and the undisputed facts were not inconsistent with the general verdict in favor of the plaintiff; therefore, it was not error to overrule the defendant's motion for judgment on those findings and facts.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed February 6, 1926. Affirmed.

*J. S. Simmons, Stuart Simmons* and *Alva L. Fenn,* all of Hutchinson, for the appellant.

*A. J. Freeborn,* of Washington, *Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt,* all of Concordia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff as the beneficiary sued to recover on a health, accident, and life insurance policy issued to her husband, Harry S. Preston, who had died as the result of an accident to him. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The policy provided for the payment of $2,250 for loss of life caused by accident and contained the following provision:

"If septic infection or blood poison is the result of 'such injury' the disability

---

Insurance, 32 C. J. p. 1318 n. 88; 33 C. J. p. 143 n. 74. Trial, 38 Cyc. p. 1548 n. 23; 26 R. C. L. 1061; 27 R. C. L. 879.

or loss consequent thereon shall be deemed an accident and the indemnity payable shall be the same as for general accidents, and shall be for loss of life, limb, sight, hearing, or time."

Other provisions of the policy were as follows:

"4. Written notice of injury or of sickness on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury or the commencement of disability from such sickness. In event of accidental death, immediate notice thereof must be given to the company.

"5. Such notice given by or in behalf of the second party or beneficiary, as the case may be, to the company at its home office in Hutchinson, Kan., with particulars sufficient to identify the second party, shall be deemed to be notice to the company. Failure to give notice within the time provided in this contract shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The application for the policy contained the following:

"It is hereby agreed that the company shall not be liable for any claim under my policy until the first premium has actually been paid to the company or its authorized agents, or that may arise while any written obligation given in payment, in whole or in part, of the premium! for this insurance shall be past due and unpaid."

A note to Martin & Emerson, agents for the defendant, for $297 with interest at eight per cent per annum was given in payment of the premiums on the policy, which was for a period of five years. Harry S. Preston was accidentally injured on September 15, 1922, and died as the result of that injury on November 6, 1922. The note had not been paid at that time. Correspondence between Harry S. Preston and the defendant concerning the payment of the note occurred prior to his injury. The defendant was notified of the sickness of Harry S. Preston before his death. Other correspondence concerning payment under the policy and proof of sickness and of death occurred between the defendant and the plaintiff after the death of Harry S. Preston. Early in the correspondence, the attention of W. C. Irwin, president of the Farmers State Bank, of Barnes, Kan., who was acting for the plaintiff, was called to the stipulation contained in the application concerning the payment of written obligations given in payment of the premiums for the insurance. After that letter was written, the defendant requested more definite information concerning the cause of the death of Harry S. Preston. E. J. Woleslagel, the secretary and chief executive officer of the defend-

Preston v. Kansas Central Indemnity Co.        .

ant, testified at one time that if the proofs of the cause of death had been satisfactory, the company would have paid the claim. At other times, he testified to the contrary. The petition alleged that the defendant had waived the quoted provision of the application. The jury answered special questions as follows:

"1. On what date did Harry S. Preston become ill of the sickness that resulted in his death?  A.  On or about October 17, 1922.

"2.  What do you find, from the evidence, caused this illness?  A.  By accident by the pliers on September 15, 1922.

"3.  Do you find from the evidence that Harry S. Preston had the flu in 1919 or 1920?  A.  Yes.

"4.  Was he attended in this illness by a physician at his home?  A.  Yes.

"5.  Do you find from the evidence that the defendant by its conduct waived the condition of the application and the policy, that the company would not be liable for any claim arising while any written obligation given in payment of the policy was past due and unpaid?  A.  Yes.

"6.  If you answered the above question in the affirmative, then what act or acts of said company constituted this waiver?  A.  By accepting and retaining the note.

"7.  Do you find from the evidence that the defendant, by its conduct waived the provisions of the policy, that in case of a claim for loss on account of death, that proof of said claim must be made within ninety days from the date of said death?  A.  Yes.  ·

"8.  If you answered the above question in the affirmative, then state what act or acts of said company constituted this waiver?  A.  By constantly writing for more information and misleading plaintiff."        .

The defendant demurred to the evidence of the plaintiff. That demurrer was overruled. The defendant moved that judgment be entered in its favor notwithstanding the verdict for the reason that the special findings and undisputed evidence showed that the plaintiff was not entitled to recover and that judgment should be rendered for the defendant. That motion was denied. Complaint is made of those orders.

1. Was it error to overrule the defendant's demurrer to the plaintiff's evidence? The evidence has been briefly summarized. There was that in the evidence which tended to prove that the defendant had waived that provision of the application for the policy which provided that the company should not be liable for any claim under the policy until the first premium had been actually paid. The petition alleged that waiver. It was not error to overrule the demurrer to the evidence.

2. The defendant urges that it was error to deny its motion for

judgment notwithstanding the verdict. This was, in effect, a motion for judgment on the special findings of the jury. Otherwise, there was no ground on which to base the motion. Did the findings of the jury authorize the court to render judgment in favor of the defendant? There was no motion for a new trial. Whether or not the findings of the jury were so contrary to the general verdict as to make it error to render judgment in favor of the plaintiff was not presented by the motion for judgment in favor of the defendant. The question presented by that motion was whether or not the findings of the jury compelled judgment in favor of the defendant. The argument of the defendant is based on the answers to the fifth and sixth questions. The answer to the fifth question found that the "defendant by its conduct waived the condition of the application and the policy, that the company would not be liable for any claim arising while any written obligation given in payment of the policy was past due and unpaid." The answer to the sixth question stated how that waiver was made. But, with the answers to the fifth and sixth questions should be considered the answers to the seventh and the eighth questions. All taken together showed a waiver of the condition requiring the payment of the note. These answers were not contradictory to the general verdict, nor were they contradictory to the answers to the other questions.

The findings of the jury were not of such a nature as gave to the defendant the right to judgment on them. There was no error in denying the defendant's motion.

The judgment is affirmed.